Susan Kumagai
Cal. Bar No. 127667
skumagai@lkclaw.com
Rebecca K. Kimura
Cal. Bar No. 220420
rkimura@lkclaw.com
LAFAYETTE & KUMAGAI LLP
100 Spear Street, Suite 600
San Francisco, California 94105
415-357-4600 Phone
415- 357-4605 Fax

Stephen L. Scott (*pro hac vice application to be filed*)
Ala. Bar No. ASB-7280-O62S
sls@kullmanlaw.com
F. Daniel Wood Jr. (*pro hac vice application to be filed*)
Ala. Bar No. ASB-6822-D65F
fdw@kullmanlaw.com
THE KULLMAN FIRM
600 University Park Place, Suite 340
Birmingham, Alabama 35209
205-871-5858 Phone
205-871-5874 Fax

Attorneys for Defendant, Computer Sciences Corporation

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRED NAZIF,** | ) Case No.: _____ |
| **Plaintiff,** | ) **NOTICE OF REMOVAL OF STATE** |
| **vs.** | ) **COURT ACTION** |
| **COMPUTER SCIENCES** | ) **28 U.S.C. §§ 1332, 1441** |
| **CORPORATION,** | ) |
| **A Nevada Corporation, and Does 1-50** | ) **Complaint filed:  October 25, 2013** |
| **Inclusive,** | ) |
| **Defendant** | ) |

Please take notice that Defendant, Computer Sciences Corporation ("CSC" or "Defendant"), hereby removes this action from the Superior Court for the State of California,

San Francisco County, to the United States District Court for the Northern District of California.  This removal is based on the parties' complete diversity of citizenship and a jurisdictionally-sufficient amount in controversy, pursuant to 28 U.S.C. §§ 1332 and 1441. Removal is proper for the following reasons:

1.  On October 25, 2013, Plaintiff Fred Nazif ("Plaintiff") filed a Complaint for Damages in the Superior Court for the State of California, San Francisco County [Unlimited Jurisdiction], against CSC and fictitious parties described as "Does 1-50", which was assigned Case No. CGC-13-535066.   The Complaint asserts the following causes of action:   (1) wrongful termination in violation of public policy; and (2) retaliation in violation of Labor Code §§ 1102.5(c) and 98.6.  A true and correct copy of Plaintiff's Complaint for Damages is attached hereto within the state court file appended as Exhibit A.  Plaintiff's allegations are referenced herein without admitting the truth of any of them.

2.  Defendant first received Plaintiff's Complaint for Damages through service, by process server to its designated agent, CT Corporation, on October 28, 2013.  This Notice of Removal is being filed within 30 days after receipt, pursuant to 28 U.S.C. § 1446(b).

3.  A copy of all process, pleadings, and orders served upon CSC are attached as Exhibit B, pursuant to 28 U.S.C. § 1446(a).

4.  Federal jurisdiction is based upon complete diversity of citizenship and a sufficient amount in controversy, pursuant to 28 U.S.C. § 1332.

5.  The parties are citizens of different states.

a.  Plaintiff is a citizen of California.  Plaintiff is a resident of California (Complaint ¶1), he was employed by Defendant in California (Complaint ¶9), he is a California Certified Public Accountant (Complaint ¶15), he claims to be protected as a

resident by California public policy (Complaint ¶10), he claims litigating outside of California would require "prohibitive monetary expenses for travel" (Complaint ¶12), and based on these facts has invoked the jurisdiction of California courts (Complaint ¶12). Plaintiff intends to remain a resident of California. (See Declaration of Michael Sweeney, attached as Exhibit C.)

b.      CSC is a citizen of Nevada and Virginia, pursuant to 28 U.S.C. § 1332(c)(1), because it is incorporated in Nevada and maintains its headquarters and principal place of business in Falls Church, Virginia.   (See Declaration of Cheri Cameron and CSC 10K Report, attached as Exhibit D.)[1]

c.      Further, Defendant has operations spread across almost every state. (See Cameron Decl.) The states with the most CSC employees are Virginia, Texas and Maryland. (See Cameron Decl.)  Less than 4% of CSC's income is attributable to operations in California, and less than 7% of its employees are located in California. (See Cameron Decl.) Davis v. HSBC Bank Nevada, N.A., 557 F.3d 1026, 1029 (9th Cir. 2009) (holding that a corporation "with operations spread across many states will be a citizen of California only when a substantial predominance of its activities are located in California; it will not be a citizen of California merely because its operations in California cater to California's larger population.").

---

[1] Defendant's publicly filed 10K report notes its place of incorporation and principal place of business.  See In re Silicon Graphics, Inc., Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (noting that SEC filings may be judicially noticed); McMichael v. United States Filter Corp., No. 99-182-VAP, 2001 U.S. Dist. LEXIS 3918, 27, Fed. Sec. L. Rep. (CCH) P91,406 (C.D. Cal. Feb. 22, 2001) (explaining that a certificate of incorporation is a publicly filed document, and as such, can be judicially noticed).

d.      The Defendants named fictitiously as "Does 1-50" are irrelevant for purposes of removal, pursuant to 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded").

6.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.

a.      Plaintiff alleges that his general, special, actual, compensatory and/or nominal damages are "well in excess of $75,000." (Complaint, Prayer for Relief ¶(b).)

b.      Plaintiff alleges that his annual salary with CSC was $140,000 and that he was eligible for a bonus of up to 20% of his base salary. (Complaint ¶14.) Plaintiff alleges wrongful and/or retaliatory termination of employment and specifically alleges that his damages include loss of earnings and benefits. (Complaint ¶¶ 25, 31, Prayer for Relief ¶(c).)  Plaintiff alleges that he was terminated on January 9, 2013. (Complaint ¶ 20.) Thus, as of the date of filing this Notice of Removal, Plaintiff has a potential claim for backpay damages of 46 weeks, which is equivalent to 46/52nds of his annual salary, or $123,846.  Thus, it is apparent from the Complaint, and considering the claims asserted and types of damages sought, that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

7.      Plaintiff's action may be removed to this Court because it is the United States District Court for the district embracing the place where the lawsuit is pending, pursuant to 28 U.S.C. § 1446(a).

8.      A copy of this Notice of Removal will be filed in the Superior Court of San Francisco County, California, and will be properly served upon Plaintiff.

WHEREFORE, Defendant gives notice that the action now pending in the Superior Court of San Francisco County, California, is hereby removed to the United States District Court for the Northern District of California.


Dated:  November 27, 2013

Lafayette & Kumagai LLP


By____*/s/ Rebecca K. Kimura*_____
        Rebecca K. Kimura
        Attorney for Defendant
        COMPUTER SCIENCES
        CORPORATION

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 100 Spear Street, Suite 600, San Francisco, California 94105.

On November 27, 2013, I caused the foregoing document(s) described as **NOTICE OF REMOVAL OF STATE COURT ACTION** to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Christopher R. LeClerc
LeClerc & LeClerc LLP
235 Montgomery Street, Suite 1019,
San Francisco, CA  94104

**X**___ (BY MAIL)  I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.  I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____ (BY PERSONAL SERVICE)  I caused to be personally served each document listed above on the addressee (s) noted below.

_____ (BY FACSIMILE)  I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

_____ (BY OVERNIGHT MAIL)  I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on __November 27, 2013_____ , at San Francisco, California.

Tahlise M. Hines

# EXHIBIT A

SUMMONS ISSUED

**F I L E D**
Superior Court of California
County of San Francisco

OCT 2 5 2013

CLERK OF THE COURT
BY: _____ Chas Rot _____
Deputy Clerk

1  Christopher R. LeClerc, Esq. (SB# 233479)
   **LE CLERC & LE CLERC LLP**
2  235 Montgomery Street, Suite 1019
   San Francisco, CA 94104
3  Telephone: (415) 445-0900
   Fax: (415) 445-9977
4  Email: chris@leclerclaw.com

5  Attorneys for Plaintiff
   FRED NAZIF
6

7

8

9               IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                           SAN FRANCISCO COUNTY

11                          [UNLIMITED JURISDICTION ]

12
   FRED NAZIF, an individual,                )   Case No. CGC - 1 3 - 5 3 5 0 6 6
13                                            )
                Plaintiff,                    )
14                                            )   **PLAINTIFF'S COMPLAINT FOR**
                                              )   **DAMAGES FOR:**
15  v.                                        )   **1. WRONGFUL TERMINATION**
                                              )      **IN VIOLATION OF PUBLIC**
16  COMPUTER SCIENCES                         )      **POLICY**
    CORPORATION, a Nevada Corporation,        )   **2. RETALIATION IN VIOLATION**
17  and DOES 1-50, inclusive,                 )      **OF LABOR CODE SECTION**
                                              )      **1102.5 & 98.6**
18              Defendants.                   )
                                              )   **JURY TRIAL DEMAND**
19                                            )
                                              )
20                                            )
                                              )
21

22

23                                                    **BY FAX**

24

25

26

27

28

1    Plaintiff alleges as follows:

2                          ***PARTIES***

3                        ***PLAINTIFF***

4    1. Plaintiff FRED NAZIF ("Plaintiff" or "NAZIF") is an adult male residing in San

5       Francisco, California. At all relevant times, until his unlawful termination described

6       *infra*, Plaintiff was employed by Defendant COMPUTER SCIENCES CORPORATION

7       in San Francisco, California.

8                       ***DEFENDANTS***

9    2. Defendant COMPUTER SCIENCES CORPORATION ("CSC") is a corporation

10      providing computer software and information technology services throughout the United

11      States and the world, with its corporate headquarters located in Falls Church, Virginia. It

12      is a publicly traded corporation on the NYSE with the ticker symbol CSC. CSC is

13      subject to the jurisdiction of the U.S. Securities and Exchange Commission and makes

14      public filings under applicable federal and state securities regulations.

15    3. The true names and capacities of defendants sued in the Complaint under the fictitious

16      name of DOES 1 through 50, inclusive, are unknown to plaintiff who therefore sues

17      defendants by such fictitious names. Plaintiff will amend this complaint to allege their

18      true names and capacities when ascertained. Plaintiff is informed and believes, and

19      thereon alleges, that each of said fictitiously named defendants is responsible in some

20      manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged

21      were proximately caused by such unlawful conduct.

22    4. Hereinafter, CSC and DOES 1 through 50 are collectively referred to as "Defendants."

23    5. Whenever reference is made in this complaint to any act of any corporate or other

24      business entity defendant, such allegations shall mean that such defendant did the acts

25      alleged in the complaint through its officers, directors, employees, agents and/or

26      representatives while they were acting within the actual or ostensible scope of their

27      authority. Additionally, whenever reference is made to any act of any natural person

28

employed by any corporate or other business entity Defendant, such allegations shall mean that such person did the acts alleged in the complaint while acting within the scope of their actual or ostensible authority.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant, and each of its agents, acted as an agent, representative, employer and/or employee of each of the other defendants and acted within the course and scope of said agency or representation or employment with respect to the causes of action in this complaint.

## JURISDICTION & VENUE

7. Plaintiff brings this action pursuant to and under the California Labor Code and related regulations, and other common and statutory laws.

8. Venue is proper in this Court because the acts and/or omissions and events set forth in this Complaint occurred in whole or in part in San Francisco County, California.

9. Plaintiff was employed by CSC in San Francisco County, California.

10. State policy favors jurisdiction and venue in San Francisco County, California, because the State of California has a policy of protecting California residents and ensuring the applicability of California laws.

11. Plaintiff is informed and believes, and thereon alleges, that witnesses and evidence relevant to this case are located in San Francisco County, California.

12. Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to the parties herein favor the filing of this lawsuit in this Court. Defendant suffers no burden or hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and undue burden and hardship if he was required to file in an alternative forum, if any such forum exists. Such burden and hardship on Plaintiff includes, but is not limited to, prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

13. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff was hired as a Technical Accounting Director for Defendant CSC in June 2012 after four-month interview process that included a background check, employment and education verifications). He was told that he would report to Ms. April Hand, and that he would be compensated $140,000 per year in base salary, benefits, and that he would be eligible for a bonus of up to 20% of his base salary.

15. A seasoned financial professional, Mr. Nazif brought more that fifteen years of relevant experience to his job at CSC, during which time he held accountancy positions at various high-technology companies, including Hewlett Packard and Cisco. Prior to his departure from Iran, he held the position of Senior Adviser to the Secretary of Heavy Industry. He is a Certified Public Accountant, a Member of American Institute of Certified Public Accountants and a Member of The California Society of Certified Public Accountants.

16. Prior to starting with CSC, Plaintiff learned that CSC was the defendant in a massive securities class action alleging, *inter alia*, failure of internal controls and accounting fraud. That matter recently resolved for $97.5 million. (*See, e.g.,* www.cscsecuritieslitigation.com.) He was told that, as a result, CSC was working towards resolving issues related to its internal controls.

17. Shortly after he was hired and utilizing his many years of successful experience, Plaintiff became very concerned because it appeared as though CSC was not improving the controls on its accountancy and revenue recognition and reporting practices, but instead was utilizing improper accounting practices and revenue recognition practices to inflate the revenue it reported in its SEC filings.

18. The following are to serve as exemplars of the improper accounting observed by Plaintiff, and are no means intended to be an exhaustive list:

    a) In reviewing CSC's contract with a client, Plaintiff noted that the contract provided for an unspecified platform transfer right; that is, a right granted

Le Clerc & Le Clerc LLP

1     by CSC to transfer software from one hardware platform or operating

2     system to one or more other hardware platform or operating systems. Per

3     standard software revenue recognition practices, where unspecified

4     platform transfer rights exist, the software revenue must be recognized

5     ratably over the estimated economic life of the products, beginning with

6     delivery of the product. CSC did not recognize the revenue ratably, and,

7     in fact, reported inflated revenue numbers. When Plaintiff raised concerns

8     about this with his supervisors, including his direct supervisor, Ms. Hand,

9     and the Comptroller, John Dube, and questioned whether such improper

10     practices were systemic within CSC, he was taken off the specific account

11     and froze out of the project.

12   b) In reviewing CSC's contract with a client, Plaintiff noted that CSC did not

13     properly account for free services and warranties granted to the client.

14     Plaintiff suggested that CSC launch an internal review of all of the

15     contracts CSC had with its customers to see if this was a more widespread

16     problem. In response to Plaintiff's concerns, Plaintiff's supervisors took

17     him off of the account and froze him out of the project.

18   c) Vendor-specific objective evidence (VSOE) is a method of revenue

19     recognition allowed by US GAAP that enables companies to recognize

20     revenue on specific items on a multi-item sale based on evidence specific

21     to a company that the product has been delivered, provided all other

22     requirements of revenue recognition have been met. In order to take

23     advantage of this early revenue recognition methodology in accordance

24     with GAAP, the selling company must establish vendor-specific objective

25     evidence of fair value for each separate product or service promised under

26     the contract. Accordingly, it was essential for CSC's bottom line profit

27     and loss numbers that VSOE be properly established because without it

28

Le Clerc & Le Clerc LLP

1    being established, it could not appropriately recognize software revenue

2    up front.  However, Mr. Nazif became aware that CSC did not properly

3    prepare VSOE for various contracts for which it was recognizing revenue

4    up front.  Again, he brought this to the attention of his supervisor, Ms.

5    Hand, in July 2012, to Chief Accounting Officer, Michael Sweeney, in

6    November 2012, and again to Ms. Hand in late-December 2012.  To Mr.

7    Nazif's knowledge, the revenue recognition problem was never corrected,

8    and he was terminated from his position just a few weeks after his

9    complaints about these practices.

10   d)  CSC routinely capitalized software costs rather than expensing those costs

11       related to the business which offsets revenue.  This again served to

12       improperly inflate CSC's reported bottom line profit.  Mr. Nazif became

13       aware of CSC's practice of capitalizing software costs based on minor

14       enhancements to the software.  On several occasions, Mr. Nazif spoke to

15       his supervisor, Ms. Hand about his concern that these minor enhancements

16       did not qualify for capitalization.  Ms. Hand informed Mr. Nazif that it

17       was simply CSC's practice to capitalize software costs based on minor

18       enhancements, and that most such capitalization costs would be "rubber

19       stamped" by the accounting department.  She strongly suggested that Mr.

20       Nazif should follow suit.

21   e)  Plaintiff became aware that CSC and its constituent business segments

22       were failing to properly review all contracts for their particular clients in

23       order to evaluate whether or not those contacts met the definition of

24       related contracts, such that they should be treated as a single arrangement

25       for revenue recognition purposes.  Mr. Nazif initiated several

26       conversations with his supervisor, Ms. Hand regarding this matter.

27       However, she indicated that CSC did not have the contract-management

28

tools necessary to capture the information needed to make the related contract determinations. Mr. Nazif went so far as to send her an email on or about August 14, 2012 detailing suggestions to improper contract management. He received no substantive response to the suggestions. He raised these concerns again with Mr. Sweeney in mid-November 2012; however to his knowledge no action was ever taken.

19. In response to Plaintiff's complaints about failures of internal controls and revenue recognition, rather than remedy the failures in GAAP, Defendant transferred Plaintiff off of projects and limited his access to work on further projects.

20. In December 2012, Plaintiff was informed that he was terminated on January 9, 2013 as the result of a structural reorganization. He received no explanation as to why the purported structural reorganization had apparently not been foreseen at the time of his hire just months earlier. Plaintiff was in fact terminated on that date. Another individual was hired with the same job title as Plaintiff just prior to Plaintiff's termination and he remained in that roll even after Plaintiff's termination. Additionally, shortly after his termination, CSC advertised Plaintiff's position on the internet.

21. Plaintiff is informed, believes and thereon alleges that his termination was motivated in part because of his insistence that CSC not violate GAAP in its public filings that it certified were prepared in compliance with GAAP. Additionally, Plaintiff is informed and believes and thereon alleges that Defendant terminated Plaintiff's employment in violation of numerous public policies, including without limitation, the public policies against fraud in the workplace, fraud on the market, and retaliation against those who refuse to participate in fraud.

### FIRST CAUSE OF ACTION
Wrongful Termination in Violation of Public Policy
[Against All Defendants]

22. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES
Nazif v. Computer Sciences Corporation (San Francisco Co. Sup. Crt., Case No. _____)

23. California has a fundamental, substantial, and well-established public policies against retaliating against an employee for opposing and refusing to participate in corporate fraud, internally raising concerns related to unlawful activities, and/or by refusing to participate in activities that would result in a violation or noncompliance of state and/or federal law, rule or regulation. (*See, e.g.,* Labor Code § 1102.5.)

24. Plaintiff is informed and believes and thereon alleges that one or more of the motivating reasons for Plaintiff's termination was because of his complaints of, opposition to, and active participation against CSC's fraudulent conduct.

25. Defendants' termination of Plaintiff has caused him economic and noneconomic harm in an amount to be proven at trial, but which is in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

26. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SECOND CAUSE OF ACTION
Retaliation in Violation of Labor Code §§ 1102.5(c) & 98.6
[Against All Defendants]

27. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

28. Defendant's conduct, as alleged in this complaint, violates numerous federal and state statutes.

29. Plaintiff engaged in activities in opposition to CSC's unlawful conduct, including without limitation reporting, opposing, investigating, and trying to prevent CSC's fraud.

30. Plaintiff is informed and believes and thereon alleges that Defendants did willfully retaliate against Plaintiff for engaging in the acts alleged herein by terminating his employment.

31. Defendants' termination of Plaintiff has caused him economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

32. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff makes the following demand:

a) That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

b) For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial, in an amount believed to be well in excess of $75,000;

c) For front and back pay and other benefits Plaintiff would have been afforded but-for Defendants', and each of their, unlawful conduct;

d) For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants, and each of them, from further engaging in the conduct described herein, and to deter others from engaging in the same or similar acts;

e) For appropriate civil and statutory penalties;

1 f) For costs and expenses of this litigation;

2 g) For reasonable attorneys' fees where appropriate;

3 h) For pre and post-judgment interest on all damages and other relief awarded herein from

4 all entities against whom such relief may be properly awarded; and,

5 i) For all such other relief as this Court deems just and appropriate.

6

7 Dated: October 25, 2013    Le Clere & Le Clere LLP

8

9    By:

10    Christopher R. LeClerc, ESQ.
    Attorney for Plaintiff
    FRED NAZIF

11 **PLAINTIFF DEMANDS A TRIAL BY JURY**

12

13 Dated: October 25, 2013    Le Clere & Le Clere LLP

14

15    By:

16    Christopher R. LeClerc, ESQ.
    Attorney for Plaintiff
    FRED NAZIF

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Christopher R. LeClerc (SB#233479)<br>LeClerc & LeClerc LLP<br>235 Montgomery Street, Suite 1019<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415.445.0900  FAX NO.: 415.445.9977<br>ATTORNEY FOR *(Name)*: Plaintiff Fred Nazif | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>OCT 25 2013<br><br>CLERK OF THE COURT<br>BY: _____ Ka<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthous

CASE NAME:
NAZIF V. COMPTER SCIENCES CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-13-535066 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

**BY FAX**

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: Two
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 25, 2013
Christopher R. LeClerc
_____        ►_____
(TYPE OR PRINT NAME)                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMPUTER SCIENCES CORPORATION, a Nevada Corporation, and
DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRED NAZIF, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco County Superior Court, 400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC - 13 - 535066 |

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher R. LeClerc, 235 Montgomery Street, Suite 1019, San Francisco, CA 94104; (415) 445-0900

| DATE: OCT 2 5 2013<br>*(Fecha)* | CLERK OF THE COURT<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

# EXHIBIT B

 **CT Corporation**

**Service of Process
Transmittal**
10/28/2013
CT Log Number 523778130

**TO:**   Raquel Tamez
Computer Sciences Corporation
3170 Fairview Park Drive
Falls Church, VA 22042-

**RE:**   **Process Served in California**

**FOR:**   Computer Sciences Corporation (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Fred Nazif, etc., Pltf. vs. Computer Sciences Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Notice, ADR Information Package, Case Management Statement(s), Attachment(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA
Case # CGC13535066 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - January 9, 2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/28/2013 at 15:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest answer date: Within 30 days after service (Document(s) contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Christopher R. LeClerc
Le Clerc & Le Clerc LLP
235 Montgomery Street
Suite 1019
San Francisco, CA 94104
415-445-0900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/29/2013, Expected Purge Date: 11/03/2013
Image SOP
Email Notification, William Deckelman wdeckelman@csc.com
Email Notification, Raquel Tamez rtamez@csc.com
Email Notification, Kathy Lofgren klofgren@csc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*10/23@3·4p*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMPUTER SCIENCES CORPORATION, a Nevada Corporation, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRED NAZIF, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información e continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco County Superior Court, 400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC - 13 - 535066 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher R. LeClerc, 235 Montgomery Street, Suite 1019, San Francisco, CA 94104; (415) 445-0900

**BY FAX**

| DATE:<br>*(Fecha)* | OCT 2 5 2013 | CLERK OF THE COURT<br>Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Computer Sciences Corporation, a Nevada Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Christopher R. LeClerc, Esq. (SB# 233479)
**LE CLERC & LE CLERC LLP**
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 445-0900
Fax: (415) 445-9977
Email: chris@leclerclaw.com

Attorneys for Plaintiff
FRED NAZIF

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 25 2013

CLERK OF THE COURT
BY: _____ ELIAS BUTT _____
Deputy Clerk

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

SAN FRANCISCO COUNTY

[UNLIMITED JURISDICTION ]

FRED NAZIF, an individual,

        Plaintiff,

    v.

COMPUTER SCIENCES
CORPORATION, a Nevada Corporation,
and DOES 1-50, inclusive,

        Defendants.

Case No. **C G C - 1 3 - 5 3 5 0 6 6**

**PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR:**
  1. **WRONGFUL TERMINATION
     IN VIOLATION OF PUBLIC
     POLICY**
  2. **RETALIATION IN VIOLATION
     OF LABOR CODE SECTION
     1102.5 & 98.6**

**JURY TRIAL DEMAND**

**BY FAX**

Plaintiff alleges as follows:

***PARTIES***

***PLAINTIFF***

1. Plaintiff FRED NAZIF ("Plaintiff" or "NAZIF") is an adult male residing in San Francisco, California. At all relevant times, until his unlawful termination described *infra*, Plaintiff was employed by Defendant COMPUTER SCIENCES CORPORATION in San Francisco, California.

***DEFENDANTS***

2. Defendant COMPUTER SCIENCES CORPORATION ("CSC") is a corporation providing computer software and information technology services throughout the United States and the world, with its corporate headquarters located in Falls Church, Virginia. It is a publicly traded corporation on the NYSE with the ticker symbol CSC. CSC is subject to the jurisdiction of the U.S. Securities and Exchange Commission and makes public filings under applicable federal and state securities regulations.

3. The true names and capacities of defendants sued in the Complaint under the fictitious name of DOES 1 through 50, inclusive, are unknown to plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

4. Hereinafter, CSC and DOES 1 through 50 are collectively referred to as "Defendants."

5. Whenever reference is made in this complaint to any act of any corporate or other business entity defendant, such allegations shall mean that such defendant did the acts alleged in the complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority. Additionally, whenever reference is made to any act of any natural person

Le Clerc & Le Clerc LLP
235 Montgomery Street, Suite 1019 • San Francisco, CA 94104

employed by any corporate or other business entity Defendant, such allegations shall mean that such person did the acts alleged in the complaint while acting within the scope of their actual or ostensible authority.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant, and each of its agents, acted as an agent, representative, employer and/or employee of each of the other defendants and acted within the course and scope of said agency or representation or employment with respect to the causes of action in this complaint.

## *JURISDICTION & VENUE*

7. Plaintiff brings this action pursuant to and under the California Labor Code and related regulations, and other common and statutory laws.

8. Venue is proper in this Court because the acts and/or omissions and events set forth in this Complaint occurred in whole or in part in San Francisco County, California.

9. Plaintiff was employed by CSC in San Francisco County, California.

10. State policy favors jurisdiction and venue in San Francisco County, California, because the State of California has a policy of protecting California residents and ensuring the applicability of California laws.

11. Plaintiff is informed and believes, and thereon alleges, that witnesses and evidence relevant to this case are located in San Francisco County, California.

12. Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to the parties herein favor the filing of this lawsuit in this Court.  Defendant suffers no burden or hardship by having to defend this case in this Court.  However, Plaintiff would suffer severe and undue burden and hardship if he was required to file in an alternative forum, if any such forum exists.  Such burden and hardship on Plaintiff includes, but is not limited to, prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

Le Clerc & Le Clerc LLP
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

13. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

**_GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION_**

14. Plaintiff was hired as a Technical Accounting Director for Defendant CSC in June 2012 after four-month interview process that included a background check, employment and education verifications). He was told that he would report to Ms. April Hand, and that he would be compensated $140,000 per year in base salary, benefits, and that he would be eligible for a bonus of up to 20% of his base salary.

15. A seasoned financial professional, Mr. Nazif brought more that fifteen years of relevant experience to his job at CSC, during which time he held accountancy positions at various high-technology companies, including Hewlett Packard and Cisco. Prior to his departure from Iran, he held the position of Senior Adviser to the Secretary of Heavy Industry. He is a Certified Public Accountant, a Member of American Institute of Certified Public Accountants and a Member of The California Society of Certified Public Accountants.

16. Prior to starting with CSC, Plaintiff learned that CSC was the defendant in a massive securities class action alleging, *inter alia*, failure of internal controls and accounting fraud. That matter recently resolved for $97.5 million. (*See, e.g.,* www.cscsecuritieslitigation.com.) He was told that, as a result, CSC was working towards resolving issues related to its internal controls.

17. Shortly after he was hired and utilizing his many years of successful experience, Plaintiff became very concerned because it appeared as though CSC was not improving the controls on its accountancy and revenue recognition and reporting practices, but instead was utilizing improper accounting practices and revenue recognition practices to inflate the revenue it reported in its SEC filings.

18. The following are to serve as exemplars of the improper accounting observed by Plaintiff, and are no means intended to be an exhaustive list:

    a) In reviewing CSC's contract with a client, Plaintiff noted that the contract provided for an unspecified platform transfer right; that is, a right granted

1    being established, it could not appropriately recognize software revenue

2    up front.  However, Mr. Nazif became aware that CSC did not properly

3    prepare VSOE for various contracts for which it was recognizing revenue

4    up front.  Again, he brought this to the attention of his supervisor, Ms.

5    Hand, in July 2012, to Chief Accounting Officer, Michael Sweeney, in

6    November 2012, and again to Ms. Hand in late-December 2012.  To Mr.

7    Nazif's knowledge, the revenue recognition problem was never corrected,

8    and he was terminated from his position just a few weeks after his

9    complaints about these practices.

10   d)   CSC routinely capitalized software costs rather than expensing those costs

11   related to the business which offsets revenue.  This again served to

12   improperly inflate CSC's reported bottom line profit.  Mr. Nazif became

13   aware of CSC's practice of capitalizing software costs based on minor

14   enhancements to the software.  On several occasions, Mr. Nazif spoke to

15   his supervisor, Ms. Hand about his concern that these minor enhancements

16   did not qualify for capitalization.  Ms. Hand informed Mr. Nazif that it

17   was simply CSC's practice to capitalize software costs based on minor

18   enhancements, and that most such capitalization costs would be "rubber

19   stamped" by the accounting department.  She strongly suggested that Mr.

20   Nazif should follow suit.

21   e)   Plaintiff became aware that CSC and its constituent business segments

22   were failing to properly review all contracts for their particular clients in

23   order to evaluate whether or not those contacts met the definition of

24   related contracts, such that they should be treated as a single arrangement

25   for revenue recognition purposes.  Mr. Nazif initiated several

26   conversations with his supervisor, Ms. Hand regarding this matter.

27   However, she indicated that CSC did not have the contract-management

28

1   tools necessary to capture the information needed to make the related

2   contract determinations. Mr. Nazif went so far as to send her an email on

3   or about August 14, 2012 detailing suggestions to improper contract

4   management. He received no substantive response to the suggestions. He

5   raised these concerns again with Mr. Sweeney in mid-November 2012;

6   however to his knowledge no action was ever taken.

7   19. In response to Plaintiff's complaints about failures of internal controls and revenue

8   recognition, rather than remedy the failures in GAAP, Defendant transferred Plaintiff off

9   of projects and limited his access to work on further projects.

10  20. In December 2012, Plaintiff was informed that he was terminated on January 9, 2013 as

11  the result of a structural reorganization. He received no explanation as to why the

12  purported structural reorganization had apparently not been foreseen at the time of his

13  hire just months earlier. Plaintiff was in fact terminated on that date. Another individual

14  was hired with the same job title as Plaintiff just prior to Plaintiff's termination and he

15  remained in that roll even after Plaintiff's termination. Additionally, shortly after his

16  termination, CSC advertised Plaintiff's position on the internet.

17  21. Plaintiff is informed, believes and thereon alleges that his termination was motivated in

18  part because of his insistence that CSC not violate GAAP in its public filings that it

19  certified were prepared in compliance with GAAP. Additionally, Plaintiff is informed

20  and believes and thereon alleges that Defendant terminated Plaintiff's employment in

21  violation of numerous public policies, including without limitation, the public policies

22  against fraud in the workplace, fraud on the market, and retaliation against those who

23  refuse to participate in fraud.

24                    ***FIRST CAUSE OF ACTION***
                   Wrongful Termination in Violation of Public Policy
25                        [Against All Defendants]

26  22. Plaintiff re-alleges and incorporates herein by reference each and every allegation

27  contained in this complaint as though fully set forth herein.

28

23. California has a fundamental, substantial, and well-established public policies against retaliating against an employee for opposing and refusing to participate in corporate fraud, internally raising concerns related to unlawful activities, and/or by refusing to participate in activities that would result in a violation or noncompliance of state and/or federal law, rule or regulation. (*See, e.g.,* Labor Code § 1102.5.)

24. Plaintiff is informed and believes and thereon alleges that one or more of the motivating reasons for Plaintiff's termination was because of his complaints of, opposition to, and active participation against CSC's fraudulent conduct.

25. Defendants' termination of Plaintiff has caused him economic and noneconomic harm in an amount to be proven at trial, but which is in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

26. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SECOND CAUSE OF ACTION
Retaliation in Violation of Labor Code §§ 1102.5(c) & 98.6
[Against All Defendants]

27. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

28. Defendant's conduct, as alleged in this complaint, violates numerous federal and state statutes.

29. Plaintiff engaged in activities in opposition to CSC's unlawful conduct, including without limitation reporting, opposing, investigating, and trying to prevent CSC's fraud.

Le Clerc & Le Clerc LLP
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

30. Plaintiff is informed and believes and thereon alleges that Defendants did willfully retaliate against Plaintiff for engaging in the acts alleged herein by terminating his employment.

31. Defendants' termination of Plaintiff has caused him economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

32. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### ***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff makes the following demand:

a) That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

b) For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial, in an amount believed to be well in excess of $75,000;

c) For front and back pay and other benefits Plaintiff would have been afforded but-for Defendants', and each of their, unlawful conduct;

d) For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants, and each of them, from further engaging in the conduct described herein, and to deter others from engaging in the same or similar acts;

e) For appropriate civil and statutory penalties;

COMPLAINT FOR DAMAGES
Nazif v. Computer Sciences Corporation (San Francisco Co. Sup. Crt., Case No. _____)

f)  For costs and expenses of this litigation;

g)  For reasonable attorneys' fees where appropriate;

h)  For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

i)  For all such other relief as this Court deems just and appropriate.

Dated:  October 25, 2013

Le Clerc & Le Clerc LLP

By:

Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
FRED NAZIF

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated:  October 25, 2013

Le Clerc & Le Clerc LLP

By:

Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
FRED NAZIF

Le Clerc & Le Clerc LLP
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher R. LeClerc (SB#233479)<br>LeClerc & LeClerc LLP<br>235 Montgomery Street, Suite 1019<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415.445.0900   FAX NO.: 415.445.9977<br>ATTORNEY FOR *(Name):* Plaintiff Fred Nazif | *ENDORSED*<br>*F I L E D*<br>San Francisco County Superior Court<br><br>OCT 25 2013<br><br>CLERK OF THE COURT<br>ELIAS BUTI~~~  Deputy Clerk<br>BY: |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthous

CASE NAME:
NAZIF v. COMPUTER SCIENCES CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-13-535066<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**BY FAX**

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Two
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 25, 2013
Christopher R. LeClerc
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

CASE NUMBER: CGC-13-535066  FRED NAZIF VS. COMPUTER SCIENCES CORPORATION

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **MAR-26-2014**

**TIME:**     **10:30AM**

**PLACE:**     **Department 610**
               **400 McAllister Street**
               **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

---

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

 **Superior Court of California, County of San Francisco**
## Alternative Dispute Resolution
## Program Information Package


> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

***Or, visit the court ADR website at www.sfsuperiorcourt.org***

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF) -** Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation -** Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration -** Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  07/12         **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                        FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*   ☐ **UNLIMITED CASE**       ☐ **LIMITED CASE** (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:              Dept.:           Div.:              Room:

Address of court *(if different from the address above)*:

☐  **Notice of Intent to Appear by Telephone,  by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one)*:
   a.  ☐  This statement is submitted by party *(name)*:
   b.  ☐  This statement is submitted jointly by parties *(names)*:


2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b.  ☐  The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a.  ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b.  ☐  The following parties named in the complaint or cross-complaint
      (1)  ☐  have not been served *(specify names and explain why not)*:

      (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3)  ☐  have had a default entered against them *(specify names)*:

   c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:


4.  **Description of case**
   a.   Type of case in  ☐  complaint    ☐  cross-complaint    *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  ☐  a jury trial  ☐  a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐  days *(specify number):*
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:              f.  Fax number:
    e.  E-mail address:                g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1)  For parties represented by counsel: Counsel  ☐  has  ☐  has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2)  For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation** *(if available).*
        (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other Issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
    (TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
    (TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY)

   ☐ Additional signatures are attached.



# EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS

**Business**
**Civil Rights**
**Commercial**
**Construction**
**Contracts**
**Disability**
**Discrimination**
**Education**
**Employment/Workplace**
**Environmental**
**Family**
**Family-Certified Specialists**
**Fee Disputes**
**Financial**
**Government**
**Insurance**
**Intellectual Property**
**Intra-Organizational**
**Labor**
**Landlord/Tenant**
**Land Use**
**LGBT Issues**
**Malpractice: Legal-Medical-Professional**
**Partnership Dissolutions**
**Personal Injury**
**Probate/Trust**
**Products Liability**
**Real Estate**
**Securities**
**Taxation**
**Uninsured Motorist**
**Women's Issues**
**And more...**

## THE BAR ASSOCIATION OF SAN FRANCISCO

# MEDIATION SERVICES



Voted one of the Top ADR Providers in The Bay Area "Best of 2011, 2012"
Recorder's "Best of 2010, 2011"

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement — we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful — stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

PROCEDURES, PODCASTS,
FORMS, MEDIATOR BIOGRAPHIES
AND PHOTOGRAPHS:
**www.sfbar.org/mediation**

**adr@sfbar.org or 415-982-1600**

# EXHIBIT C

Susan Kumagai
Cal. Bar No. 127667
skumagai@lkclaw.com
Rebecca K. Kimura
Cal. Bar No. 220420
rkimura@lkclaw.com
LAFAYETTE & KUMAGAI LLP
100 Spear Street, Suite 600
San Francisco, California 94105
415-357-4600 Phone
415- 357-4605 Fax

Stephen L. Scott (pro hac vice application to be filed)
Ala. Bar No. ASB-7280-O62S
sls@kullmanlaw.com
F. Daniel Wood, Jr. (pro hac vice application to be filed)
Ala. Bar No. ASB-6822-D65F
fdw@kullmanlaw.com
THE KULLMAN FIRM
600 University Park Place, Suite 340
Birmingham, Alabama 35209
205-871-5858 Phone
205-871-5874 Fax

Attorneys for Defendant, Computer Sciences Corporation

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRED NAZIF,** | ) Case No.: _____ |
| **Plaintiff,** | ) **DECLARATION OF MICHAEL** |
| | ) **SWEENEY IN SUPPORT OF NOTICE** |
| **vs.** | ) **OF REMOVAL OF STATE COURT** |
| | ) **ACTION** |
| **COMPUTER SCIENCES** | ) |
| **CORPORATION,** | ) **28 U.S.C. §§ 1332, 1441** |
| **A Nevada Corporation, and Does 1-50** | ) |
| **Inclusive,** | ) **Complaint filed:  October 25, 2013** |
| | ) |
| **Defendant** | |

Pursuant to the provisions of 28 U.S.C. § 1746, I, Michael Sweeney, make the following declarations.

1.    I am employed by Computer Sciences Corporation ("CSC") as its Assistant Corporate Comptroller and Chief Accounting Officer for technical accounting issues. I know Fred Nazif, and I was leading the corporate technical accounting function throughout Mr. Nazif's employment with CSC. I was one of several persons who interviewed Nazif when he was hired by CSC. I understood when Nazif was initially hired, in approximately June 2012, that he would transition his residence from California to Austin, Texas, where his accounting group, as the company was organized at that time, was based.

2.    In about November 2012, Nazif began reporting directly to me, and it came to my attention that Nazif was still living in California. I discussed this with Nazif and he stated to the effect that his plans to relocate had changed and that his fiancée or wife could not move because of her enrollment in classes in California.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of November, 2013, in Falls Church, Virginia.

Michael Sweeney

# EXHIBIT D

Susan Kumagai
Cal. Bar No. 127667
skumagai@lkclaw.com
Rebecca K. Kimura
Cal. Bar No. 220420
rkimura@lkclaw.com
LAFAYETTE & KUMAGAI LLP
100 Spear Street, Suite 600
San Francisco, California 94105
415-357-4600 Phone
415- 357-4605 Fax

Stephen L. Scott *(pro hac vice application to be filed)*
AL Bar No. ASB-7280-O62S
sls@kullmanlaw.com
F. Daniel Wood, Jr. *(pro hac vice application to be filed)*
AL Bar No. ASB-6822-D65F
fdw@kullmanlaw.com
THE KULLMAN FIRM
600 University Park Place, Suite 340
Birmingham, Alabama 35209
205-871-5858 Phone
205-871-5874 Fax

Attorneys for Defendant, Computer Sciences Corporation

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED NAZIF, | ) Case No.: _____ |
| Plaintiff, | ) |
| | ) **DECLARATION OF CHERALYN** |
| vs. | ) **CAMERON IN SUPPORT OF NOTICE** |
| | ) **OF REMOVAL OF STATE COURT** |
| COMPUTER SCIENCES | ) **ACTION** |
| CORPORATION, | ) |
| A Nevada Corporation, and Does 1-50 | ) **28 U.S.C. §§ 1332, 1441** |
| Inclusive, | ) |
| | ) **Complaint filed: October 25, 2013** |
| Defendant | |

　　　　Pursuant to the provisions of 28 U.S.C. § 1746, I, Cheralyn S. Cameron, make the following declarations.

1.      I am employed by Computer Sciences Corporation ("CSC") in the Corporate Legal Department in Falls Church, Virginia. My title is Senior Principal Counsel. My job responsibilities require me to be knowledgeable about the corporate governance of CSC. I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2.      I understand that the Complaint in this matter was filed on October 25, 2013.

3.      CSC is now and was as of October 25, 2013 incorporated under the laws of the State of Nevada.  A true and correct copy of an excerpt from CSC's publically filed 10K report is attached hereto as Exhibit 1.

4.      CSC's corporate headquarters, including its executive and administrative functions, are centralized in Falls Church, Virginia. Defendant maintains its corporate records and files in Falls Church and holds itself out to the public as maintaining its corporate headquarters and principal place of business in Falls Church.

5.      CSC has operations spread across almost every state.  Less than 10% of CSC's operations are in California.  Less than 4% of CSC income is attributable to operations in California, and less than 7% of its employees are located in California.  The three states with the most CSC employees are Virginia, Maryland, and Texas.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed this _25th_ day of November, 2013, in Falls Church, Virginia.

Cheralyn S. Cameron

# EXHIBIT 1 to DECLARATION OF CHERALYN CAMERON IN SUPPORT OF NOTICE OF REMOVAL OF STATE COURT ACTION

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**
**FORM 10-K**

**(Mark One)**

☒   **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the fiscal year ended March 29, 2013

OR

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the transition period from to

Commission File No.: 1-4850



# COMPUTER SCIENCES CORPORATION

**(Exact name of Registrant as specified in its charter)**

| | |
|---|---|
| **Nevada** | **95-2043126** |
| **(State of incorporation or organization)** | **(I.R.S. Employer Identification No.)** |
| **3170 Fairview Park Drive** | |
| **Falls Church, Virginia** | **22042** |
| **(Address of principal executive offices)** | **(zip code)** |

**Registrant's telephone number, including area code: (703) 876-1000**

**Securities registered pursuant to Section 12(b) of the Act:**

| **Title of each class:** | **Name of each exchange on which registered** |
|---|---|
| **Common Stock, $1.00 par value per share** | **New York Stock Exchange** |
| **Preferred Stock Purchase Rights** | |

**Securities registered pursuant to Section 12(g) of the Act: None**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   ☒  Yes ☐   No

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.   ☐  Yes ☒   No

Indicate by check mark whether the Registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. ☒  Yes ☐  No

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate website, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files). ☒  Yes ☐  No

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☒

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer or a smaller reporting company.

Large accelerated filer ☒          Accelerated filer ☐          Non-accelerated filer ☐          Smaller reporting company ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).   ☐  Yes ☒  No

As of September 28, 2012, the aggregate market value of stock held by non-affiliates of the Registrant was approximately $4,956,615,996.
There were 150,228,623 shares of the Registrant's common stock outstanding as of May 3, 2013.

**DOCUMENTS INCORPORATED BY REFERENCE**
Portions of the Registrant's definitive Proxy Statement for its  2013 Annual Meeting of Stockholders, which will be filed with the Securities and Exchange Commission within 120 days after March 29, 2013, are incorporated by reference into Part III hereof.