UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED NAZIF,<br>　　　　　Plaintiff,<br>　　v.<br>COMPUTER SCIENCES CORPORATION,<br>　　　　　Defendant. | Case No. 13-cv-05498-EMC   (JSC)<br><br>**ORDER RE: SEALING**<br>Re: Dkt. No. 85 |

On April 21, 2015 the Court granted Defendant's motion to preserve confidentiality designation of an internal audit report produced during discovery and granted in part the parties' administrative motions to file under seal the briefing on the underlying motion to preserve confidentiality. (Dkt. No. 75.) The Court filed the April 21 Order under seal because various matters referenced therein were filed under seal in this matter. (*Id.* at 15.) However, the Court noted that it was "not persuaded that anything discussed in th[e] Order is in fact confidential and properly sealable" and required Defendant to inform the Court by no later than April 28 what information, if any, within the Order must remain sealed. (*Id.*) With respect to the briefing, the Court determined that the parties' request for sealing was overbroad and ordered Defendant to file a statement to inform the Court by no later than April 28 identifying which portions of the briefing must remain sealed and why. (*Id.*)

Defendant has since filed a notice indicating that no portion of the Court's April 21 Order need be sealed. (Dkt. No. 85 at 2.) The Court notes that its Order references the types of confidential subjects described in the confidential internal audit report, such as accounting policies and customer arrangements, but does not describe details or explain what those policies are or who the customer is. Accordingly, the Court orders that the April 21 Order be UNSEALED.

In addition, the Court has reviewed Defendant's statement identifying those portions of the briefing underlying the motion to preserve confidentiality designation that should remain under seal. (Dkt. No. 85 at 2-5.) The Court will address the proposed redactions to each motion in turn.

1. <u>Motion to Preserve Confidentiality</u>

Defendant has proposed limited redactions to those portions of the motion to preserve confidentiality that actually disclose Defendant's specific proprietary accounting policies and procedures, discussions and proposals for improvements to those policies and procedures, to the accounts of particular clients. The Court agrees that almost all of the proposed redactions are narrowly tailored to seal only this type of information. Page 12, Lines 6-8 are properly redacted.[1] The next set of redactions, beginning on Page 16, should be more limited. Lines 24 and 25 only describe the type of confidential subjects in the Internal Audit report without disclosing the actual information. Thus, they need not be sealed. However, lines Page 16, Line 26 through Page 17, Line 3 actually identify areas where improvement was suggested, which shall remain under seal for the reasons explained in the Court's April 21 Order.

2. <u>Opposition to Motion to Preserve Confidentiality & Exhibits A-C of LeClerc Declaration</u>

Defendant seeks to seal portions of the opposition that disclose discussions, assessments, and suggestions for improvements to Defendant's internal accounting policies and practices or quote directly from the recommendation section of the Internal Audit Report. The Court agrees that such information should be redacted, but concludes that some of Defendant's proposed redactions are overbroad, seeking to seal sentences that do not disclose such information, but merely reference the subject matter—*i.e.*, "recommendations for improvement"—or contain argument regarding the same. Based on its review of Defendant's proposed redactions, the Court concludes that Page 10's redactions should be limited to Lines 8-9 and 21-22. Page 11's redactions should be limited to Lines 21-24 and Line 27 after the word "information." Page 12,

---

[1] With the exception of the portions described above, the below portions to seal are the same as those that Defendant proposed. However, for ease of identification, where the page numbers differ, the Court lists the page number that the electronic filing system assigned at the top of each page, not the page number the party included at the bottom.

Line 1 shall be redacted before the word "[c]onsequently."

In addition, Defendant seeks to seal in their entirety Exhibits A, B, and C of the LeClerc Declaration "[t]o the extent . . . [they] contain redacted and/or unredacted copies of the IA Report[.]" (Dkt. No. 85 at 4.) Defendant did not identify by page number the portion it contends should remain under seal. Based on the Court's review, the copies of the report itself shall remain under seal, but emails to which it was attached shall not; thus, the email portions of Exhibits A through C, in which counsel state their positions regarding sealing but do not disclose confidential information (*see* Dkt. No. 58-5 at 5-6; Dkt. No. 58-5 at 21; Dkt. No. 58-6 at 2) shall be filed on the public docket, but the remaining portion of Exhibits A, B, and C shall remain under seal.

### 3. Reply in Support of Motion to Preserve Confidentiality

Finally, Defendant's statement identifies portions of the reply that, it argues, should remain under seal because it discloses one of Defendant's proprietary software products and provides details of Defendant's accounting policies and practices. Only the parentheticals on Page 3, Line 25, and Page 4, Lines 4-6 shall remain under seal. In addition, Defendant contends that Page 9, Lines 9-11 should remain under seal because it discloses discussion, assessment, and suggestions for improvement to Defendant's internal accounting policies and practices. The Court agrees.

\* \* \*

Accordingly, the following portions of the briefing underlying the motion to preserve confidentiality designation shall remain under seal:

| Document | Portions to Seal |
|---|---|
| Motion to Preserve Confidentiality (Dkt. No. 52-3) | Page 12, Lines 6-8<br>Page 16, Line 26<br>Page 17, Lines 1-3 |
| Opposition to Motion to Preserve Confidentiality (Dkt. No. 58-4) | Page 10, Line 7-8, 21-22<br>Page 11, Lines 21-24, Line 27 after the word "information"<br>Page 12, Line 1 up to the word "[c]onsequently" |

| Exhibits A, B and C Declaration of Chris LeClerc in support of Opposition to Motion to Preserve Confidentiality (Dkt. Nos. 58-5 & 58-6) | Dkt. No. 58-5 at 7-20, 22-34<br>Dkt. No. 58-6 at 3-15 |
|---|---|
| Reply in support of Motion to Preserve Confidentiality (Dkt. No. 60-3) | Page 3, Line 25<br>Page 4, Lines 4-6<br>Page 9, Line 9-11 |

The parties shall file redacted versions of their briefing consistent with this Order by no later than May 8, 2015.

**IT IS SO ORDERED.**

Dated:  May 4, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4