United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED NAZIF, an individual<br><br>Plaintiff,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION, a Nevada Corporation, and DOES 1-50, inclusive,<br><br>Defendants.<br>_____/ | No. C-13-5498 EMC<br><br>**ORDER REGARDING PENDING MOTIONS TO SEAL**<br><br>(**Docket Nos. 70, 72, 82, 84, 88**) |

Pending before the Court are various administrative motions to file documents or deposition testimony under seal in connection with this Court's consideration of the parties' summary judgment motions. *See* Docket Nos. 70, 72, 82, 84, 88. The Court issued its order on the substance of the summary judgment motions on June 17, 2015, and entered final judgment the same day. Docket Nos. 99-100.

When deciding the pending motions to seal, the Court will apply the "compelling reasons" standard. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that a party seeking to seal a judicial record submitted in connection with a dispositive motion bears the burden of establishing that "compelling reasons" support the sealing request). As this Court has noted previously, there is a strong presumption in favor of the public disclosure of court records, and thus the "compelling reasons" standard is construed strictly: Only documents containing "*exceptionally sensitive information* will be kept from the public." *O'Connor v. Uber*

*Techs, Inc.*, No. 13-cv-3826 EMC, 2015 WL 355496, at *1 (N.D. Cal. Jan. 27, 2015) (emphasis in original) (citations omitted).

Any party that wishes to maintain materials under seal that were filed in conjunction with the recently adjudicated summary judgment motions must file a single declaration that explains if, and how, the "compelling reasons" standard is met for each document and portion of a document sought to be maintained under seal. The Court notes that an entire document is not necessarily sealable simply because some portion of that document may appropriately be maintained under seal. Thus, any such declaration filed shall state with specificity precisely what portion of a document contains "exceptionally sensitive information" (using page and line numbers, or the nearest equivalent where possible) and specifically *why* that specific information is a "trade secret" or otherwise subject to sealing under the compelling reasons standard. *See O'Connor*, 2015 WL 355496, at *1; *see also Kamakana*, 447 F.3d at 1179; *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846-LHK, 2012 WL 2913669, at *1-2 (N.D. Cal. July 17, 2012). The declaration shall clearly identify those documents, or portions of documents, that the party no longer seeks to maintain under seal.

The requested declaration(s), if submitted, must be filed with the Court no later than July 1, 2015. So that the parties can appropriately justify any sealing request with the requisite level of detail, the parties may file the requested declaration(s) under seal.

IT IS SO ORDERED.

Dated: June 22, 2015

_____
EDWARD M. CHEN
United States District Judge